UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 24 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EDELMIRA JIMENEZ ROSAS; et al.,

Petitioners,

v.

TODD BLANCHE, Attorney General,

Respondent.

No. 26-2381

Agency Nos.
A206-675-877
A206-675-878

ORDER

Before: OWENS, COLLINS, and SUNG, Circuit Judges.
Order by Judges OWENS and SUNG; Dissent by Judge COLLINS.

The motion (Docket Entry No. 17) for summary disposition is denied because the questions raised by this petition are sufficient to warrant full briefing. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir. 1982).

The motion (Docket Entry No. 3) to stay removal is granted. *See Nken v. Holder*, 556 U.S. 418, 434 (2009); *Leiva-Perez v. Holder*, 640 F.3d 962, 964-65 (9th Cir. 2011).

The opening brief is due November 12, 2026. The answering brief is due December 14, 2026. The optional reply brief is due 21 days after the answering brief is served.

COLLINS, Circuit Judge, dissenting:

Largely for the reasons stated in the Government's motion for summary

affirmance, I would summarily deny the petition for review and would deny the motion for a stay of removal. But at a minimum, it is clear that Petitioners' motion to reopen before the agency and their stay motion in this court—both of which focus on the alleged changed circumstances as to Petitioner Angel Jesus Rodriguez Jimenez—provide no conceivable basis for disturbing the agency's conclusion that, in all events, co-Petitioner Edelmira Jimenez Rosas "has not submitted evidence that she is potentially eligible for any relief." At the very least, binding Ninth Circuit precedent therefore required us to deny the motion for a stay of removal as to Jimenez Rosas. *See Leiva-Perez v. Holder*, 640 F.3d 962, 968 (9th Cir. 2011) (holding that, "in order to justify a stay, a petitioner must show, at a minimum, that she has a substantial case for relief on the merits"). The majority's decision to nonetheless grant a stay of removal to Jimenez Rosas is inexplicable.